## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

BECKY H. HESS,

      Plaintiff,

    v.                     Case No.: 3:06CV184/RV/EMT

FIDELITY NATIONAL PROPERTY
AND CASUALTY INSURANCE COMPANY,
et al.,

      Defendants.

_____/

## ORDER

    Now pending is a motion for summary judgment filed by the defendant, Seacoast Brokers LLC ("Seacoast") (doc. 26). The plaintiff, Becky H. Hess, has filed a response in opposition to this motion.

**I. Summary Judgment Standard**

    A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); see also, e.g., Morisky v. Broward County, 80 F.3d 445, 447 (11th Cir. 1996). Conclusory allegations based on

subjective beliefs are insufficient to create a genuine issue of material fact. <u>See</u> <u>Leigh v. Warner Bros., Inc.</u>, 212 F.3d 1210, 1217 (11th Cir. 2000); <u>Ramsey v.</u> <u>Leath</u>, 706 F.2d 1166, 1170 (11th Cir. 1983). On summary judgment, the record evidence and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the non-moving party. <u>National Fire Ins. Co. of Hartford v.</u> <u>Fortune Const. Co.</u>, 320 F.3d 1260, 1267 (11th Cir. 2003).

**II. Discussion**

Seacoast, acting as "correspondent" for co-defendant Certain Underwriters at Lloyd's, London ("Lloyd's"), issued an insurance policy ("the policy") covering certain real property owned by the plaintiff. This policy was in effect at the time of --- and the covered property was damaged during --- Hurricane Ivan, on or about September 16, 2004. The plaintiff gave Seacoast and Lloyd's written notification of the loss and damage, but the claim was denied in its entirety. The plaintiff then filed this lawsuit against multiple defendants, alleging, in pertinent part, that "Defendants, Lloyd's and Seacoast, breached the Lloyd's Policy by denying the Hess claim and by failing to properly adjust the claim." <u>See</u> Complaint at ¶28. Seacoast moves for summary judgment on the basis that the plain and unambiguous terms of the policy provide that Seacoast cannot be held liable as a matter of law. I agree.

As noted, Seacoast's role in issuing the policy was as "correspondent." A correspondent is an intermediary, that is, a person or entity "that performs services for another in a place or market that the other does not have direct access to." Black's Law Dictionary 370 (8th ed. 2004). Seacoast was not an insurer of the risk. Indeed, the policy expressly states that: "<u>We</u> will provide the insurance described in this certificate in return for the premium and compliance with all applicable provisions of this certificate" (emphasis added), and the term "we" is defined as "CERTAIN UNDERWRITERS AT LLOYD'S" (capitals in original).

If the foregoing was not enough to establish that Seacoast is not the insurer,

the following policy provision makes it certain:

> 2. Correspondent Not Insurer. <u>The Correspondent is not
> an Insurer hereunder and neither is nor shall be liable for
> any loss or claim whatsoever</u>. The Insurers hereunder are
> those individual Underwriters at Lloyd's, whose names
> can be ascertained as hereinbefore set forth.

(Emphasis added). This policy language is plain and unambiguous. Seacoast did not insure the risk and, therefore, it cannot be held liable for "denying the Hess claim and by failing to properly adjust the claim," as alleged in the plaintiff's complaint.

The plaintiff does not dispute or challenge the foregoing policy language. Instead, she argues that summary judgment is inappropriate because Seacoast had an alleged "contractual obligation" to forward the plaintiff's appraisal demand to Lloyd's, which it purportedly did not do. For this argument, the plaintiff relies on a single statement in the policy that reads in full: "In the event of a claim under this certificate, please notify the following Correspondent: Seacoast Brokers, P.O. Box. 7378, Hilton Head Island, SC 29938." This informational statement merely reflected one method by which the plaintiff was invited to report a potential claim.[1] It clearly did not transform Seacoast into an insurer from whom the plaintiff is entitled to recover "the full amount of the Lloyd's Policy." <u>See</u> Complaint at ¶27. Regardless of whether Plaintiff was permitted and encouraged to report a loss to Seacoast, the policy language makes clear that Seacoast's role was limited, and it cannot be held liable "for any loss or claim whatsoever."

The plaintiff has not cited any case law in support of her position. I note, however, that this issue was confronted last year in <u>Comcast Spectacor L.P. v. Chubb & Son, Inc.</u>, 2006 WL 2302686 (E.D. Pa. Aug. 8, 2006). In that case, two

---

[1]

In the portion of the policy designated "Section II - Conditions," the plaintiff was also advised that she should give written notice directly "to [Lloyd's] or our agent as soon as is practical" and "promptly forward to [Lloyd's] every notice, demand, summons, or other process relating to the accident or 'occurrence.'"

insurers --- one of whom was Lloyd's --- issued two separate insurance policies through ASU International, Inc. ("ASU"). ASU was a correspondent and "producer" in the transactions. As in the case *sub judice*, the policies there explained that even though the correspondent was <u>not</u> an insurer on the risk, it should be given notice "of any happening or circumstance which could give rise to a claim under this insurance." <u>Id.</u> at *6 n.5, n.7. In rejecting the argument that the plaintiff advances here, the district court held:

> ASU is identified as the "Producer" in the $500,000 policy and the "Correspondent" in the $675,000 policy. The insurers are Chubb and Underwriters, and only they could make claim determinations and pay out claims. ASU contends that it facilitated placement with the insurers by providing them with information to evaluate the risk and calculate the premium, but it denies having the authority to bind coverage or assume risk, a representation the record confirms. Apparently because ASU is a Producer and Correspondent, Comcast asserts that ASU is a "substantial and real party to the contract, or at the very least a third party beneficiary." However, the only duty that ASU owed Comcast under the policies was the duty to accept notice of events giving rise to a claim. Comcast has not identified any authority holding that merely accepting notice converts a party into an insurer; common sense counsels otherwise. Therefore, Comcast has failed to plead the breach of any obligation that ASU owed it under the insurance policies. We shall dismiss the breach of contract claim, as well as the claim for breach of implied duty of good faith and fair dealing.

<u>Id.</u> at *20 (citations to the record omitted). The same rationale applies here.[2]

---

[2] I recognize that <u>Comcast Spectacor</u> is a diversity case from the Eastern District of Pennsylvania, and that the district court generally applied the substantive law of Pennsylvania to the case. 2006 WL 2302686 at *6 n.11. But, the specific holding discussed above was not based on (nor did the district court cite to) state law. Instead, the court based its holding on "common sense" and a plain reading of the subject insurance policies, as do I.

Seacost is not an insurer under the policy involved in this case.

**III. Conclusion**

For the foregoing reasons, Seacoast's motion for summary judgment (doc. 26) is GRANTED.  Seacoast is dismissed as a defendant in this case and the Clerk is directed to enter judgment in its favor, together with taxable costs. This litigation shall continue against the remaining defendants.

DONE and ORDERED this 12th day of February, 2007.

*/Roger Vinson*

**ROGER VINSON**
**Senior United States District Judge**